UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

RECEIVED
JUN - 8 2016
6-8-16 JK
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

Belinda Hawkins EL )
)
)
)
) Case Number:
Plaintiff )
) Judge:
v. )     1:16-cv-06006
CITY OF CHICAGO, CHICAGO)  Judge Samuel Der-Yeghiayan
POLICE DEPARTMENT       )
) Magistrate  Magistrate Judge Michael T. Mason
)
Defendants )

## COMPLAINT IN THE FORM OF AN AFFIDAVIT OF TRUTH AND PROOF OF CLAIM FOR DAMAGES

For her claim, Your Plaintiff/Affiant Comes Now, Belinda Hawkins EL, being competent to testify and over the age of 21, after first being duly sworn according to the law to tell the truth to the facts related herein states that she has firsthand knowledge of the facts stated herein and believes these facts to be true to the best of her knowledge.

## STATEMENT OF FACTS

1. On the day of December 17th, 2011, Your Plaintiff/Affiant was hosting an event at the address of 4119 W. Lake Street Chicago, Illinois 60624 which started at 9 PM whose theme was to recruit young adult and teenagers for peace related events.

2. The respondents appeared at the premises at approximately 7PM or 8PM stating that they "were looking for a female aged from the lower 20's to the upper 30's" and directly afterwards Your Plaintiff/Affiant and her two sisters out of the crowd.

3. The defendants/respondents then began to disperse the crowd telling everyone to "go home" and that "they had everything under control," while putting Your Plaintiff/Affiant and her sisters in handcuffs and under false arrest (See Exhibit 1- Chicago Police Department Arrest report).

4. The defendants/respondents then took possession of Your Plaintiff/Affiant's keys and announced that they would lock up the premises after the forced evacuation, transporting Your Plaintiff/Affiant and her sisters from the premises to the 11th District Police station located on Homan and Harrison (Yes the same location that had been deemed a "house of horrors" and "torture chamber" in reports as recently as last year).

5. Your Plaintiff/ Affiant was released the following day without having all of her property returned to her and would later discover that the defendants/respondents had gained access to the

premises with the keys that were not returned to her from the unlawful detainment of the prior day.

6. Your Plaintiff/Affiant while at the movies with her friend would receive a call from one of her colleagues that the premises were being utilized without her knowledge and immediately upon arriving at the premises would be again falsely arrested without due process or probable cause.

7. Your Plaintiff/Affiant upon being released approximately 6 to 7 hours later was picked up from the 11th District station and transported back to said premises and discover that the premises had been trashed, vandalized, and demolished to the point of being rendered useless for its intended purpose.

8. Your Affiant would then seek out assistance only to find condemnation from the very same sources that were assuming members of Your Plaintiff/Affiants' organization as "gangbangers" and "thugs" not worthy of any support.

9. Only after filing a lawsuit would Your Plaintiff/Affiant have access to the aforementioned Exhibit 1 and Exhibit 2 (Certified Statement of Conviction/Disposition) as proof of Your Plaintiff/Affiants' claims.

10. Your Plaintiff/Affiant filed a complaint in law for an injunction against the defendants/respondents on 12/29/2015 as Case No. 15 CH 18712 (Exhibit 3) to which there has been no answer to.

11. For the pain and suffering, loss of property (real and personal), false arrest, harassment, violation of due process, abuse of process, perjury, Your Plaintiff/Affiant is entitled to money damages for the loss of possible income as well as the amounts resulting from the aforementioned actions committed under the color of law by the respondents.

12. The silence or non-response of the respondents means that they agree to pay the Plaintiff/Affiant the sum of $5,000,000.00 for the aforementioned injuries, damages and infractions of the respondents.

Further Plaintiff/Affiant sayeth not.

_Belinda Hawkins El_                                                   6-8-16

Belinda Hawkins EL                                                      Date

| | | | CB #: 18301659 |
|---|---|---|---|
| **CHICAGO POLICE DEPARTMENT** | | FINAL APPROVAL | IR #: 2142270 |
| **ARREST REPORT** | | | YD #: |
| 3510 S. Michigan Avenue, Chicago, Illinois 60653 | | | RD #: HT635756 |
| (For use by Chicago Police Department Personnel Only) | | | EVENT #: 1135101340 |
| CPD-11. 420C(REV. 6/30) | | | |

### ARREST REPORTING

**OFFENDER**

Name: **HAWKINS, Belinda**
Res: 1512 S Springfield Ave
Chicago, IL 60623
None
DOB: ███████
AGE: 34 years
POB: Illinois
ARMED WITH Unarmed

Beat: 1014

Female
Black
5' 05"
180 lbs
Brown Eyes
Black Hair
Short Hair Style
Dark Complexion



1st Arrestment

**Chicago Police Department - ARREST Report**

CB #: 18301659
HAWKINS, Belinda

## ARREST REPORTING

### WARRANT

NO WARRANT IDENTIFIED

### VICTIM AND COMPLAINANT (NON-OFFENDER(S))

Name: P.O. BORKOWSKI
Empl: 3151 W Harrison St
Chicago, IL
Beat: 1134
DOB:
Age:      years
Comments:

Injured? No    Deceased? No
Hospitalized? No
Treated and Released? No

### ARRESTEE VEHICLE

NO ARRESTEE VEHICLE INFORMATION ENTERED

### PROPERTIES

Confiscated Properties:
All confiscated properties are recorded in the e-Track System. This system can be queried by the inventory number to retrieve all official court documents related to evidence and/or recovered properties.

PROPERTIES INFORMATION FOR    HAWKINS, Belinda,    NOT AVAILABLE IN THE AUTOMATED ARREST SYSTEM.

### INCIDENT NARRATIVE

(The facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following)

event # 01340
Address of arrest: 4119 w. Lake
In summary, A/o's responded with several assist units to a disturbance in the club at 4119 w. Lake. Upon arrival, appox. 150 people were observed on the street in front of the club. Entrance by CPD was initially refused by occupants of the club. Upon gaining entry through the front door, officers were met by BELINDA HAWKINS(OFFENDER), the owner. Upon further passing through the club there was a photographer in operation and a DJ working in the back room. Security officers were observed emptying the crowd out through what had been a secured back door. BELINDA HAWKINS(OFFENDER) was asked to produce a business license but was unable to produce any licenses. During BELINDA HAWKINS(OFFENDER) trying to find valid paperwork Sgt. Murphy #924 observed a cashbox on her desk which contained 900.75 USC (INV # 12413488) Several "pluggers" advertising it as a business and several documents relating the club as a non profit agency and/or social club were also found and inventoried (INV# 12493494) There was an operable kitchen in the club run by co-offender (Williams, Shaquita). Above subject transported into 011 district for further processing. Name check and inv. alert clear.

### COURT INFO

Desired Court Date:    26 January 2012
Branch: 43-2    3150 W FLOURNOY ST - Room
Court Sgt Handle? No
Initial Court Date:    26 January 2012
Branch: 43-2    3150 W FLOURNOY ST - Room
Docket #:

### BOND INFO

Bond Date: 17 December 2011 9:12
Type:    Recognizance
Receipt #:    17637542
Amount:    $150.00

```
              IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 001

         PEOPLE OF THE STATE OF ILLINOIS

                         VS                 NUMBER 11126644501

         BELINDA     HAWKINS

              CERTIFIED STATEMENT OF CONVICTION / DISPOSITION
```

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint with the Clerk of the Circuit Court.

Charging the above named defendant with:

```
  720-5/12-5-A                         M A      RECKLESS CONDUCT
  4-156-300                            Q        LICENSE REQUIRED/PUBLIC P
  4-4-010                              Q        BUSINESS LICENSE REQUIRED
  4-8-020-A                            Q        LICENSING REQUIREMENTS/RE
```

The following disposition(s) was/were rendered before the Honorable Judge(s):

```
12/27/11 BOND SET BY RULE OF COURT                01/26/12 9143
01/26/12 DEF DEMAND FOR TRIAL
      CHEVERE GLORIA
01/26/12 JURY DEMAND BY DEFENDANT                 02/03/12 6146
      CW-X
      CHEVERE GLORIA
02/03/12 CONTINUANCE BY AGREEMENT                 03/23/12 6146
      STN
      RYAN JIM
03/23/12 WITNESSES ORDERED TO APPEAR
      DESIERTO ISREAL ABAYA
03/23/12 CONTINUANCE BY AGREEMENT                 06/20/12 6146
      DESIERTO ISREAL ABAYA
06/20/12 DEF DEMAND FOR TRIAL
      CHIAMPAS PEGGY
06/20/12 STRICKEN OFF - LEAVE REINSTATE     C001
      CHIAMPAS PEGGY
06/20/12 WITNESSES ORDERED TO APPEAR
      CHIAMPAS PEGGY
06/20/12 MOTION DEFT - CONTINUANCE - MD           07/31/12 6146
      CHIAMPAS PEGGY
07/31/12 DEF DEMAND FOR TRIAL
      CHIAMPAS PEGGY
07/31/12 WITNESSES ORDERED TO APPEAR
      CHIAMPAS PEGGY
07/31/12 MOTION STATE - CONTINUANCE -MS           10/09/12 6146
      CHIAMPAS PEGGY
```



EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 002

PEOPLE OF THE STATE OF ILLINOIS

           VS           NUMBER 11126644501

BELINDA    HAWKINS

## CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint with the Clerk of the Circuit Court.
10/09/12 PLEA OF NOT GUILTY
    DESIERTO ISREAL ABAYA
10/09/12 FINDING OF NOT GUILTY        CALL
    DESIERTO ISREAL ABAYA
04/05/13 PREVIOUS ORDER TO STAND
    DESIERTO ISREAL ABAYA

I hereby certify that the foregoing has been entered of record on the above captioned case.
Date 02/09/16

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT-CHANCERY DIVISION

| | |
|---|---|
| Belinda Hawkins | ) |
| Plaintiff/Affiant | ) |
| Vs. | ) |
| CITY OF CHICAGO, CHICAGO POLICE | ) |
| DEPARTMENT, UNKNOWN | ) |
| UNIFORMED EMPLOYEES OF CPD, | ) |
| DAVID ROLECK, PETER BORMES | ) |
| Defendants/Respondents | ) |

2015CH18712
CALENDAR/ROOM 16
TIME 00:00
Injunction

FILED
2015 DEC 29 PM 4:36
DOROTHY BROWN
CLERK

### COMPLAINT IN LAW IN THE FORM OF AN AFFIDAVIT

For her complaint, the Plaintiff/Your Affiant comes now, Belinda Hawkins, Your Affiant, being competent to testify and being over the age of 21, after first being duly sworn according to law to tell the truth to the facts related herein states that she has firsthand knowledge of the facts stated herein and believes these fact to be true to the best of her knowledge.

1. In the year of 2010 within the month of September, Your Affiant was hosting an event at the address of 4119 W. Lake St. Chicago, Illinois 60624 (the "premises") starting at 7PM whose theme was to recruit for young adult and teenagers peace related activities.
2. The defendant/respondents appeared at the premises at approximately 9:30PM stating that they "were looking for a female aged from the lower 20's to the upper 30's" and directly afterwards grabbed Your Affiant and Your Affiants two sisters out of the crowd.
3. The defendant/respondents then began to disperse the crowd telling everyone to "go home" and that "they had everything under control," while putting Your Affiant and Your Affiant's sisters in handcuffs and under false arrest.
4. The defendant/respondents then took possession of Your Affiant's keys and announced that they would lock up the premises after the forced evacuation, transporting Your Affiant and her sisters from the premises to the 11th District Police station located on Homan and Harrison.
5. Your Affiant was released the following day without having all of her property returned to her and would later discover that the defendant/respondents had gained access to the premises with the keys that were not returned to her earlier from the detainment of the prior day.

EXHIBIT C

6. Your Affiant while at the movies with her friend would receive a call from one of her colleagues that the premises were being utilized without her knowledge and immediately upon arriving at the premises would be again falsely arrested without due process or probable cause.
7. Your Affiant upon being released approximately 6 to 7 hours later was picked up from the 11th District station to the premises and discovered that the premises had been trashed, vandalized, and demolished to the point of being rendered useless for its intended purpose.
8. Your Affiant would then seek out assistance from the defendant/respondents (Alderman for the City) only to find condemnation being assumed to be "gangbangers" and "thugs" not worthy of any support because the defendant/respondents did not believe in Your Affiant or Your Affiant program and its purpose.
9. The defendant/respondents (David Roleck, Peter Bormes) who represented Your Affiant while defending against "criminal" actions being brought against Your Affiant related to the aforementioned events only to be given the "run around" from the defendant/respondents about releasing the file to my possession upon the proceedings successfully ending in Your Affiants' favor.
10. Your Affiant still does not have access to said file even up to this present day implicating the defendant/respondents (David Roleck, Peter Bormes) as supporters of the other defendant/respondents and not Your Affiant.
11. For the pain and suffering, loss of property (real and personal), false arrest, harassment, violation of due process, abuse of process, and perjury, Your Affiant/Plaintiff is entitled to money damages for the loss of possible income as well as the amounts resulting from the aforementioned actions committed under the color of law by the defendant/respondents.

WHEREFORE, THE PLAINTIFF/AFFIANT, BELINDA HAWKINS REQUEST:

1. For a restraining order/injunction to be put in place against the Defendant/Respondent barring them from Your Affiants' place of stay and work or from any of Your Affiant properties or possessions.
2. A judgment for lawyer fees, court cost, cost and expenses.
3. Such other and further relief as the court deems just.

Respectfully Presented,

By: Belinda Hawkins

*Belinda Hawkins* (signature)